# THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| **SHANDLE MARIE RILEY** | ) | |
| | ) | **No. 1:19-CV-00304** |
| *Plaintiff,* | ) | |
| v. | ) | McDonough/Steger |
| | ) | |
| **HAMILTON COUNTY GOVERNMENT** | ) | **JURY DEMAND** |
| | ) | |
| **DEPUTY DANIEL WILKEY,** in his | ) | **CONSOLIDATED** |
| capacity as deputy sheriff for Hamilton | ) | 1:19-CV-198 |
| County Government and, in his individual | ) | 1:19-CV-305 |
| capacity, | ) | 1:19-CV-329 |
| | ) | 1:19-CV-348 |
| **DEPUTY JACOB GOFORTH,** in his | ) | 1:19-CV-16 |
| capacity as deputy sheriff for Hamilton | ) | 1:19-CV-17 |
| County Government and, in his individual | ) | 1:19-CV-19 |
| capacity, and | ) | 1:19-CV-20 |
| | ) | 1:20-CV-44 |
| | ) | |
| *Defendants,* | ) | |

## FIRST AMENDED ANSWER OF DEFENDANT TYLER MCRAE TO THE COMPLAINT OF AVIANA CHANEL MCKENZIE

Comes now Deputy Tyler McRae (hereinafter "McRae") and for answer to the complaint filed against him would show to the court as follows.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

McRae denies that he deprived the Plaintiff of any of her constitutional rights or that in any way violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution,

the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to a traffic stop at the location of these events.

**THIRD DEFENSE**

McRae specifically assert that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of their actions in the reasonable performance of his duties as it relates to this Plaintiff.

**FOURTH DEFENSE**

McRae asserts that his actions were objectively reasonable in connection with the attempt to respond to back up for a fellow officer at this traffic stop. McRae denies that he used any excessive force against the Plaintiff.

**FIFTH DEFENSE**

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, the defendant specifically asserts the defense of comparative negligence. McRae specifically assert that the Plaintiff was guilty of comparative fault and that her fault constitutes 100% of the fault, thereby barring his claims as a matter of law.

**SIXTH DEFENSE**

McRae would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate

indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by the Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. McRae would show that there was no malicious or sadistic action by him, or any officer and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by the Hamilton County.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in his official capacity as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, McRae specifically assert all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, McRae relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

    i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

      ii.      Tenn. Code Ann. § 29-20-205(2):  False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

      iii.     Tenn. Code Ann. § 29-20-205(5):  The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

      iv.     Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B.  Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C.  Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

McRae in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

McRae would plead the affirmative defenses of estoppel, assumption of the risk, failure to exercise ordinary care to avoid consequences and to mitigate damages.

## TWELFTH DEFENSE

McRae would plead the affirmative defense that the Plaintiffs' injuries and damages, if any, resulted from the voluntary and intentional conduct of Plaintiffs and not from any conduct of McRae or those over whom McRae had any control.

## THIRTEENTH DEFENSE

McRae would assert the following claims for the expenses of litigation and the cost of attorney fees. McRae asserts an intent to seek attorney's fees and costs of this litigation as to federal claims made against him as a prevailing party pursuant to Fed. R. Civ. P. 54.

McRae further asserts an intent to seek attorney's fees and costs as to state law claims made against him as a prevailing party, having been sued in his individual capacity for actions taken in his official capacity and under color of law, pursuant to T.C.A. § 29-20-113(a).

## FOURTEENTH DEFENSE

McRae is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## FIFTEENTH DEFENSE

With respect to the specific allegations of the Complaint, McRae respond as follows:

1. The allegations contained in paragraph 1 are denied.

2. The allegations contained in paragraph 2 do not requires a response from this Defendant.

3.  McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 3 and therefore denies same.

4.  The allegations contained in paragraph 4 do not address McRae and therefore do not require a response from him.

5.  The allegations contained in paragraph 5 are admitted.

6.  The allegations contained in paragraph 6 do not address McRae and therefore do not require a response from him.

7.  The allegations contained in paragraph 7 are denied.

8.  The allegations contained in paragraph 8 are denied.

9.  McRae admits that the United States District Court has jurisdiction over the claims made in this complaint.  The remaining allegations contained in paragraph 9 are denied.

10. McRae admits that venue is appropriate in both Hamilton County Circuit Court and the United States District Court.  McRae admits that Hamilton County is a political subdivision of the State of Tennessee.  McRae is a resident of Bradley County, Tennessee.  McRae is without sufficient information or knowledge to form a belief as the residence of Defendant Wilkey or the Plaintiffs and therefore denies same.

11.  McRae is without sufficient information and knowledge to form a belief as to the allegations contained in the paragraph marked 10 and therefore denies same. [1]

12.  McRae admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO).  McRae admits that the HCSO was created by statute by the State of Tennessee.   As to the remaining allegations contained

---

[1] There are two paragraphs marked 10 in succession in this complaint.

in the paragraph marked 11 of the complaint, McRae is without sufficient information or knowledge to form a belief as to said allegations and therefore denies same.

13. McRae denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the Tennessee Constitution. McRae admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The remaining allegations contained in paragraph 12 are legal conclusions and do not require a response from McRae.

14. The allegations contained in the paragraph marked 13 do not require a response from this Defendant.

15. The allegations contained in paragraph 14 of the complaint are admitted as to McRae. As to the other Defendants, these allegations do not require a response from McRae.

16. McRae admits that the vehicle that the Plaintiff was driving had five juvenile female occupants2 and one adult male.

17. McRae is without sufficient information or knowledge to form a belief as to whether or not the vehicle driven by A.M. had factory installed window tint, and therefore denies that allegation. As to the allegation of whether the window tint on this vehicle violated Tennessee law, this is a legal conclusion and McRae denies this allegation. T.C.A. § 55-9-107 defines what window tint is legal and it provides that the burden is on the offender to prove the window tint complies with Tennessee law.

18. McRae admits that it was raining during the traffic stop but would not refer to it as "torrential". McRae does not recall if it was cold that April night and therefore denies that allegation.

---

2 This number includes the Plaintiff.

19. McRae admits that both he and Defendant Wilkey followed the car the Plaintiff was driving for some distance. The address the vehicle was registered to was the same address that came back as the residence of one Patty McKenzie who had an outstanding warrant out for her arrest. The last name of the registered owner of the car was McKenzie. It turned out that A.M. is Patty McKenzie's daughter and was driving the car and that Patty McKenzie was not in the vehicle in question. The remaining allegations contained in the paragraph marked 18 are denied.

20. The allegations contained in paragraph 19 are admitted. McRae had been following the car the Plaintiff was in also.

21. McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 20, and therefore denies same.

22. McRae recalls the conclusion that the smell of marijuana was present as they approached the car of after the window was opened by the driver and admits that either he or Wilkey advised the driver of the smell of marijuana and the presence of a window tint violation.

23. McRae admits he took a position on the passenger side of the car for safety reason and looked inside the car to observe the actions of those inside.

24. The allegations contained in the paragraph marked 23 are admitted.

25. In this instance video and audio from Wilkey's (hereinafter referred to as "Wilkey") dash camera (hereinafter referred to as "video") reveal that Wilkey told the occupants of the car to keep their hands in their laps. McRae does not recall whether the occupants of the car were told to place their hands palms down and not to move while the traffic stop was being conducted, however, this is normal practice under the circumstances that existed during

this stop. As to the remaining allegations contained in the paragraph marked 24 McRae denies same.

26. The allegations contained in the paragraph marked 25 are denied.

27. McRae admits that at some point the Plaintiff was moved to a patrol car to be searched. McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 26, and therefore denies same.

28. The allegations contained in the paragraph marked 27 are admitted. This comment occurs when Wilkey is trying to get the Plaintiff to assume the position to be searched and he is trying to get the Plaintiff move her feet back so that he can search her.

29. McRae cannot recall if Wilkey told the Plaintiff to move her "butt" back a second time. McRae denies that Wilkey pulled the Plaintiff's hips to his hips. The remaining allegations contained in the paragraph marked 28 are denied.

30. The allegations contained the in paragraph marked 29 are denied.

31. The allegations contained the in paragraph marked 30 are denied.

32. McRae admits that a search of the Plaintiff produced a pipe for smoking drugs. The remaining allegations contained in the paragraph marked 31 are denied.

33. Upon reviewing the video, Wilkey does tell A.M. out of the presence of McRae and the other occupants of the car that she does not know the law and that he can search females. The remaining allegations of the paragraph marked 33 are denied.

34. McRae admits that in this instance where a driver is being arrested it is standard policy and practice to deny the driver and occupants of the car the use of their cell phones until the stop and any appropriate pat down searches are performed (Terry Stop) of the occupants of a car, the search of the driver is finished and the arrest is completed. McRae is without

sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 33, and therefore denies them.

35. McRae admits that Wilkey handcuffed and arrested the Plaintiff and then, placed her in his patrol car for transport to the Juvenile Detention Unit. McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 34, and therefore denies same.

36. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 35, and therefore denies same.

37. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 36, and therefore denies same.

38. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 37, and therefore denies same.

39. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 38, and therefore denies same.

40. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 39, and therefore denies same.

41. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 40, and therefore denies same.

42. McRae recalls Wilkey pulling A.M. over after the stop that forms the basis of this lawsuit for crossing the double yellow line in the road not window tint violation. McRae responded also and a minor male was in the passenger seat. Upon getting him out of the car a large bag of marijuana was stuck down the front of his pants and the minor removed it upon

being asked what it was. The remaining allegations contained in the paragraph marked 41, are denied.

43. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 42, and therefore denies same.

44. McRae admits that Trista Rice was assigned to investigate the complaints made to HCSO by the Plaintiff.

45. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 44, and therefore denies same.

46. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 45, and therefore denies same.

47. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 46, and therefore denies same.

48. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 47, and therefore denies same.

49. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 48, and therefore denies same.

50. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 49, and therefore denies same.

51. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 50, and therefore denies same.

52. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 51, and therefore denies same.

53. The allegations contained in the paragraph marked 52 are admitted.

54. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 53, and therefore denies same.

55. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 54, and therefore denies same.

56. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 55, and therefore denies same.

57. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 56, and therefore denies same.

58. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 57, and therefore denies same.

59. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 58, and therefore denies same.

60. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 59, and therefore denies same.

61. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 60, and therefore denies same.

62. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 61, and therefore denies same.

63. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 62, and therefore denies same.

64. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 63, and therefore denies same.

65.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 64, and therefore denies same.

66.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 65, and therefore denies same.

67.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 66, and therefore denies same.

68.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 67, and therefore denies same.

69.  The allegations contained in the paragraph marked 68 are admitted.

70.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 69, and therefore denies same.

71.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 70, and therefore denies same.

72.  The statement in the paragraph marked 71 is a legal conclusion and does not require a response from McRae.

73.  The allegations contained in the paragraph marked 72 are denied.

74.  The allegations contained in the paragraph marked 73 are denied.

75.  The allegations contained in the paragraph marked 74 are denied.

76.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 75, and therefore denies same.

77.  McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 76, and therefore denies same.

78. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 77, and therefore denies same.

79. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 78, and therefore denies same.

80. The allegations contained in the paragraph marked 79 are admitted.

81. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 80, and therefore denies same.

82. While McRae has some recollection of a press conference conducted by Sheriff Hammond regarding Mitchell, he is without sufficient information and knowledge to form a belief as to the allegations contained in the paragraph marked 81, and therefore denies same.

83. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 82, and therefore denies same.

84. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 83, and therefore denies same.

85. McRae is aware of one internal affairs complaint made against Wilkey. McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 84, and therefore denies same.

86. McRae admits that Wilkey has been indicted by the Hamilton County Grand Jury for a number of charges including rape, sexual battery and reckless endangerment. As Webster's dictionary defines a "monster" as among other things a "grotesque imaginary creature", McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 85, and therefore denies same.

87. The allegations contained in the paragraph marked 86 are admitted.

88. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 87, and therefore denies same.

89. The allegations contained in the paragraph marked 88 are admitted.

90. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 89, and therefore denies same.

91. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 90, and therefore denies same.

92. McRae is without sufficient information and knowledge to form a belief as to allegations contained in the paragraph marked 91, and therefore denies same.

93. McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 92 by the Plaintiff

94. McRae admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. The remaining allegations contained in the paragraph marked 93 are denied.

95. McRae admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in the paragraph marked 94 are denied.

96. The allegations contained in the paragraph marked 95 are so vague that McRae is unable to form a belief as to these allegations and therefore denies same.

97. McRae admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. McRae admits that he has a duty as a

law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in the paragraph marked 96 are denied.

98. The allegations contained in the paragraph marked 97 are denied.

99. The allegations contained in the paragraph marked 98 are denied.

100. The allegations contained in the paragraph marked 99 are denied.

101. The allegations contained in the paragraph marked 100 are denied.

102. The allegations contained in the paragraph marked 101 are denied.

103. The allegations contained in the paragraph marked 102 are denied.

104. The allegations contained in the paragraph marked 103 are denied.

105. The allegations contained in the paragraph marked 104 are denied.

106. The allegations contained in the paragraph marked 105 are denied.

107. McRae admits he acted under color of law. As to the remaining allegations contained in the paragraph marked 106, McRae is without sufficient information and knowledge to form a belief as to these allegations, and therefore denies same.

108. The paragraph marked 108 does not require a response from McRae. [3]

109. McRae relies on his prior responses to the paragraphs referred to in paragraph 102 by the Plaintiff.

110. McRae admits that he has a duty as a law enforcement officer not to arrest any citizen including the Plaintiff without probable cause. The remaining allegations contained in the paragraph marked 93 are denied.

111. The allegations contained in paragraph 111 are denied.

---

[3] There is no paragraph marked 107.

112.     The allegations contained in paragraph marked 112 are so vague that McRae is unable to form a belief as to these allegations and therefore denies same.

113.     McRae admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted.  McRae admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command.  The remaining allegations contained in paragraph 113 are denied.

114.     The allegations contained in paragraph 114 do not require a response from McRae.

115.     The allegations contained in paragraph 115 are denied.

116.     The allegations contained in paragraph 116 are denied.

117.     The allegations contained in paragraph 117 are denied.

118.     The allegations contained in paragraph 118 are denied.

119.     The allegations contained in paragraph 119 are denied.

120.     The allegations contained in paragraph 120 are denied.

121.     The allegations contained in paragraph 121 are denied.

122.     The allegations contained in paragraph 122 are denied.

123.     The allegations contained in paragraph 123 are denied.

124.     The allegations contained in paragraph 124 are denied.

125.     The allegations contained in paragraph 125 are denied.

126.     The allegations contained in paragraph 126 are denied.

127.     McRae admits that he was acting under color of law during the traffic stop this case is based on.  The remaining allegations contained in paragraph 127 are denied.

128.     The allegations contained in the second paragraph marked 127 do not require a response from McRae.  [4]

129.     McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 128 by the Plaintiff.

130.     McRae admits that he has a duty as a law enforcement officer not to search any citizen including the Plaintiff without adequate cause under *Terry v. Ohio* or probable cause.  The remaining allegations contained in the paragraph marked 129 are denied.

131.     The allegations contained in the paragraph marked 130 are denied.

132.     The allegations contained in the paragraph marked 131 are denied.

133.     The allegations contained in the paragraph marked 132 are denied.

134.     The allegations contained in the paragraph marked 133 are denied.

135.     The allegations contained in the paragraph marked 134 are denied.

136.     The allegations contained in the paragraph marked 135 are denied.

137.     The allegations contained in the paragraph marked 136 are denied.

138.     The allegations contained in the paragraph marked 137 are denied.

139.     The allegations contained in the paragraph marked 138 are denied.

140.     The allegations contained in the paragraph marked 139 are denied.

141.     The allegations contained in the paragraph marked 140 are denied.

142.     The allegations contained in the paragraph marked 141 are denied.

143.     McRae admits that he was acting under color of law during the traffic stop this case is based on.  The remaining allegations contained in the paragraph marked 142 are denied.

---

[4] There are two successive paragraphs marked 127 in the complaint.

144.    The allegations contained in the paragraph marked 143 do not require a response from McRae.

145.    McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 144 by the Plaintiff.

146.    McRae admits that he has a duty as a law enforcement officer not to bring false criminal charges any citizen including the Plaintiff without probable cause.  The remaining allegations contained in the paragraph marked 145 are denied.

147.    The allegations contained in the paragraph marked 146 are denied.

148.    The allegations contained in the paragraph marked 147 are denied.

149.    The allegations contained in the paragraph marked 148 are denied.

150.    The allegations contained in the paragraph marked 149 are denied.

151.    The allegations contained in the paragraph marked 150 are denied.

152.    The allegations contained in the paragraph marked 151 are denied.

153.    The allegations contained in the paragraph marked 152 are denied.

154.    The allegations contained in the paragraph marked 153 are denied.

155.    The allegations contained in the paragraph marked 154 are denied.

156.    The allegations contained in the paragraph marked 155 are denied.

157.    The allegations contained in the paragraph marked 156 are denied.

158.    The allegations contained in the paragraph marked 157 are denied.

159.    McRae admits that he was acting under color of law during the traffic stop this case is based on.  The remaining allegations contained in the paragraph marked 158 are denied.

160.    The allegations contained in the paragraph marked 159 do not require a response from McRae.

161.     McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 160 by the Plaintiff.

162.     McRae admits that Trista rice has a duty as a law enforcement officer to no bring false criminal charges against any citizen including the Plaintiff. The remaining allegations contained in the paragraph marked 161 are denied.

163.     The allegations contained in the paragraph marked 162 are denied.

164.     The allegations contained in the paragraph marked 163 are denied.

165.     The allegations contained in the paragraph marked 164 are denied.

166.     The allegations contained in the paragraph marked 165 are denied.

167.     The allegations contained in the paragraph marked 166 are denied. Further, as Webster's dictionary defines a "monster" as among other things a "grotesque imaginary creature", McRae denies that accusation specifically.

168.     The allegations contained in the paragraph marked 167 are denied.

169.     The allegations contained in the paragraph marked 168 are denied.

170.     The allegations contained in the paragraph marked 169 are denied.

171.     The allegations contained in the paragraph marked 170 are denied.

172.     The allegations contained in the paragraph marked 171 are denied.

173.     The allegations contained in the paragraph marked 172 are denied.

174.     The allegations contained in the paragraph marked 173 are denied.

175.     The allegations contained in the paragraph marked 174 are denied.

176.     The allegations contained in the paragraph marked 175 do not require a response from McRae.

177.    McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 177 by the Plaintiff.

178.    McRae admits that all citizens of this state and country enjoy the rights listed in the paragraph marked 177.

179.    The allegations contained in the paragraph marked 178 are denied.

180.    The allegations contained in the paragraph marked 179 are denied.

181.    The allegations contained in the paragraph marked 180 are denied.

182.    The allegations contained in the paragraph marked 181 are denied.

183.    The allegations contained in the paragraph marked 182 are denied.

184.    The allegations contained in the paragraph marked 183 are denied.

185.    The allegations contained in the paragraph marked 184 are denied.

186.    McRae admits that he was acting under color of law during the traffic stop this case is based on.  The remaining allegations contained in the paragraph marked 185 are denied.

187.    The allegations contained in the paragraph marked 186 do not require a response from McRae.

188.    McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 187 by the Plaintiff.

189.    McRae admits that he was acting under color of law during the traffic stop this case is based on.  The remaining allegations contained in the paragraph marked 188 are denied.

190.    The statement in the paragraph marked 189 states a legal conclusion and does not require a response from McRae.

191.     McRae admits that he has a duty as a law enforcement officer to comply with the laws of this state and country.  The remaining statements contained in the paragraph marked 190 are legal conclusions and to not require a response from McRae.

192.     The allegations contained in the paragraph marked 191 are denied.

193.     The allegations contained in the paragraph marked 192 are denied.

194.     McRae admits that the County through the HCSO has a duty to comply with state law as to the firing and training of law enforcement officers.  McRae admits that the County through the HCSO disciplines and supervises its law enforcement officers.  As to the remaining allegations contained in the paragraph marked 193, it is unclear if they are directed at McRae and for that reason, McRae denies same.

195.     The allegations contained in the paragraph marked 194 are denied.

196.     The allegations contained in the paragraph marked 195 do not require a response from McRae.

197.     The allegations contained in the paragraph marked 196 are denied.

198.     The allegations contained in the paragraph marked 197 are denied.

199.     The allegations contained in the paragraph marked 198 do not require a response from McRae.

200.      McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 199 by the Plaintiff.

201.     The allegations contained in the paragraph marked 200 are denied.

202.     The allegations contained in the paragraph marked 201 are denied.

203.      McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 202 by the Plaintiff.

204.    The allegations in the paragraph marked 203 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

205.    The allegations contained in the paragraph marked 204 are denied.

206.    The allegations in the paragraph marked 205 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

207.    The allegations contained in the paragraph marked 206 are denied.

208.    The allegations contained in the paragraph marked 207 do not require a response from McRae.

209.    McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 208 by the Plaintiff.

210.    The allegations in the paragraph marked 209 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

211.    The allegations contained in the paragraph marked 210 are denied.

212.    The allegations in the paragraph marked 211 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

213.    The allegations contained in the paragraph marked 212 are denied.

214.    The allegations contained in the paragraph marked 213 do not require a response from McRae.

215.    McRae denies all the allegations contained in the Prayer for Relief marked A through H and denies that this Plaintiff is entitled to any damages, relief or judgment in any form or for any reason.

216.    Any and all allegations not specifically denied in this answer are now generally

Now having fully answered the complaint filed against him, McRae request it be dismissed with his costs. In the alternative, this Defendant demands a jury be empaneled to try the issues when joined.

.

Respectfully submitted,

**TIDWELL AND ASSOCIATES**

*/s/ W. Gerald Tidwell, Jr.*
**W. Gerald Tidwell, Jr., BPR# 10136**
P.O. Box 4369
1810 McCallie Avenue
Chattanooga, TN 37404
T: 423.602.7511
wgt@tidwellandassociates.com
*Attorney for Defendant Deputy McRae*